**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Christopher,<br><br>    Plaintiff,<br><br>v.<br><br>Spectra Electrical Services, Inc.,<br><br>    Defendant. | No. CV-12-00345-PHX-DGC<br><br>**ORDER** |

Plaintiff Robert Christopher has filed a motion to amend his complaint. Doc. 20. The motion has been fully briefed, Docs. 21, 24, and will be granted. Defendant Spectra Electrical Services has filed a motion to join involuntary plaintiff or amend answer. Doc. 17. Plaintiff has not opposed the motion. The motion will be granted in part and denied in part.

**I. Motion to Amend.**

Plaintiff's original complaint alleges "racial discrimination, national origin discrimination, disability discrimination, and constructive discharge." Doc. 1 at 1. Specifically, Plaintiff alleges that his supervisor called him "denigrating discriminatory terms" to the point that he was forced to quit his job on October 8, 2008. *Id.* at 2.

In his proposed amended complaint, Plaintiff seeks to change the allegation from "constructive discharge" to "discriminatory discharge." Doc. 20-1 at 1. Specifically, Plaintiff seeks to amend his complaint to allege that Mr. White, Plaintiff's supervisor, verbally denigrated him to the point that Plaintiff left his work site sometime in October.

*Id.* at 3.  The next day, Mr. White called Plaintiff, apologized, and requested he return to work, but then fired Plaintiff within an hour of his return.  *Id.*

Rule 15 makes clear that the Court "should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The policy in favor of leave to amend must not only be heeded, *see Foman v. Davis*, 371 U.S. 178, 182 (1962), it must be applied with extreme liberality, *see Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 880 (9th Cir. 2001).  Defendant argues that Plaintiff's motion to amend should be denied because it is futile, in bad faith, and will cause undue prejudice to Defendant.  Although these may be valid reasons to deny a motion to amend, *see Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004), they do not apply here.

**A.  Futility.**

Defendant argues that Plaintiff's motion to amend is futile because it could not survive summary judgment.  Defendant argues that Plaintiff's amended complaint contradicts his sworn statement to the Equal Employment Opportunity Commission ("EEOC"), which states that Plaintiff "was forced to quit due to harassment."  Doc. 1, Ex. A.  Defendant claims that quitting and being fired are mutually exclusive, and that the amended complaint is analogous to a sham affidavit presented to defeat summary judgment.

Plaintiff argues that his statements are not contradictory because he originally left work with the intention of never returning, but was then persuaded to return and was fired by Defendant.  Plaintiff also argues that his EEOC statements were made before he retained counsel, and that the amended complaint reflects the factual investigation conducted by counsel.

Although Plaintiff's amended complaint does appear to contradict assertions he made to the EEOC and in his original complaint, the Court cannot conclude that this provides a basis for denying the proposed amendment.  The Ninth Circuit has adopted the "sham affidavit" rule – that a party cannot create an issue of fact to avoid summary judgment by submitting an affidavit that flatly contradicts prior sworn testimony.  *See*

*Burrell v. Star Nursery, Inc.*, 170 F.3d 951, 954 (9th Cir. 1999) (holding that the plaintiff's affidavit sought to create "sham issues of fact" because her allegations of sexual harassment appeared for the first time in the affidavit and directly contradicted her prior deposition testimony). The rule is designed for use in summary judgment practice, and Defendant cites no case where the rule has been applied to defeat a motion to amend. The factual setting of a motion to amend is different than the summary judgment setting where the rule normally applies. Defendant does not contend that Plaintiff has taken a position in a deposition in this case which he now contradicts in an affidavit designed to create an issue of fact to defeat summary judgment. Nor does Defendant explain why the sham affidavit rule should apply at the motion to amend stage, where pleadings are intended to commence the factual allegations and discovery phase of the case, not to conclude them for purposes of summary judgment.

Moreover, the Ninth Circuit has explained that the sham affidavit rule does not apply in every case where contradictory positions are taken. *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 267 (9th Cir. 1991). Rather, the rule applies only when the district court can "make a factual determination that the contradiction was actually a 'sham.'" *Id.* That factual determination cannot be made as accurately at the motion to amend stage, before discovery is complete and before the parties have engaged in the comprehensive briefing of summary judgment motions.

Defendant contends that a motion to amend can be denied on any basis that would prevail in a motion for summary judgment. Although this may be true in some cases, the Court cannot conclude that the factual determination required to apply the sham affidavit rule can accurately be made at the pleading stage.

**B.     Bad Faith.**

Defendant argues that Plaintiff is making a bad faith attempt to avoid Defendant's affirmative defense by contradicting his previous sworn statement. A determination of bad faith would appear to be as factually based as a determination that an affidavit is a sham. The Court cannot at this stage find that Plaintiff, who made the previous

- 3 -

statements without advice of counsel, is so clearly engaging in a bad faith effort to amend his complaint that the motion should be denied.

### C. Prejudice.

Defendant argues that allowing Plaintiff to amend his complaint prejudices Defendant. Defendant explains that the EEOC made no investigation of claims that the Defendant fired Plaintiff, and that allowing Plaintiff to change his story after the EEOC investigation may lead the jury to believe the EEOC confirmed Plaintiff's new story. The Court is confident, however, that defense counsel will be fully capable of making clear to the jury the basis on which the EEOC made its decision and the inconsistency of positions taken by Plaintiff.

Following Rule 15's directive that leave to amend be freely granted and the Ninth Circuit's instruction that Rule 15 be applied liberally, the Court will grant Plaintiff's motion to amend.

### II. Motion to Join Plaintiff or Amend Answer.

Defendant argues that Plaintiff's spouse, Janet Stratton-Christopher, is a required party under Rule 19(a)(1) because Plaintiff is seeking lost wages which are community property under Arizona law. Defendant asks the Court to either join Janet Stratton-Christopher as a required plaintiff or give Defendant leave to amend its answer to include an affirmative defense of failure to join required parties. Plaintiff has not opposed this motion. Accordingly, the Court will join Janet Stratton-Christopher as a required plaintiff and deny Defendant's motion to amend answer.

**IT IS ORDERED:**

1. Plaintiff's motion to amend (Doc. 20) is **granted.** Plaintiff may file his proposed amended complaint in the form attached to his motion on or before **November 14, 2012**.

2. Defendant's motion (Doc. 17) is **granted** in part and **denied** in part. Janet Stratton-Christopher is joined as a required Plaintiff. The Clerk shall amend the docket to reflect her presence in the case a Plaintiff.

3. Plaintiff's counsel promptly shall provide a copy of this order to Ms. Stratton-Christopher.

4. Ms. Stratton-Christopher must notify the Court on or before **December 10, 2012** whether she has retained counsel or will be representing herself in this case.

Dated this 9th day of November, 2012.

*David G. Campbell*
United States District Judge

- 5 -