**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Christopher and Janet Stratton-Christopher,<br><br>Plaintiff,<br><br>v.<br><br>Spectra Electrical Services Incorporated,<br><br>Defendant. | No. CV-12-00345-PHX-DGC<br><br>**ORDER** |

Defendant Spectra Electrical Services, Inc. has filed a "motion for judgment for costs" pursuant to Rule 68 of the Federal Rules of Civil Procedure. Doc. 134. Plaintiffs Robert and Janet Stratton-Christopher have filed a motion for attorney's fees. Doc. 137. For the reasons that follow, the Court will grant the motion for costs and deny the motion for attorney's fees.[1]

**I.    Motion for Costs.**

Rule 68 of the Federal Rules of Civil Procedure provides that a party defending against a claim "may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued," at least 14 days before the date set for trial. Fed. R. Civ. P. 68(a). In the event such an offer is not accepted, Rule 68 further provides that "[i]f the judgment that the offeree finally obtains is not more favorable than the

---

[1] The request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d).

Defendant made an offer to Plaintiffs on August 28, 2012, (the "August 2012 Offer"), providing that judgment would be entered for Plaintiffs in the amount of "$13,424.40 and costs then accrued, including a reasonable attorney's fee[.]" Doc. 134 at 1. Plaintiffs do not dispute the contents of this offer. The judgment entered for the Plaintiffs in this matter was for $3,400 in lost wages and $1,600 in other expenses, for a total of $5,000. Doc. 130. Plaintiffs argue that the August 2012 Offer was not more favorable than the judgment entered because the August 2012 Offer "expressly excluded an admission or declaration of 'wrongdoing or liability' – and the jury's Verdict of January 21, 2014 expressly found that Defendant unlawfully subjected [Plaintiff] to a 'racially hostile work environment[.]'" Doc. 144 at 1.

Rule 68 "requires a court to compare the offer to the judgment and decide which is more favorable." *Reiter v. MTA New York City Transit Auth.*, 457 F.3d 224, 229 (2d Cir. 2006). "[A] court necessarily must evaluate the terms of the rejected offer in order to compare it against the value of any 'judgment finally obtained by the offeree[.]'" *Fafel v. Dipaola*, 399 F.3d 403, 414 (1st Cir. 2005). With regard to non-monetary relief, some courts have concluded that equitable relief can be considered "more favorable" than monetary relief. *Reiter*, 457 F.3d at 231; *Hobbs v. Alcoa, Inc.*, 501 F.3d 395, 398 (5th Cir. 2007) (rejecting the argument that equitable relief be given no value per se). Plaintiffs, however, did not obtain any equitable or other non-monetary relief and offer no authority to support their assertion that the jury's determination that Mr. Christopher was subjected to a hostile work environment makes the judgment more favorable than the August 2012 Offer.

The terms of the August 2012 Offer provided for judgment to be entered in favor of Plaintiffs in this case, and in an amount substantially larger than the $5,000 ultimately awarded by the jury. Doc. 134 at 1. Given that the Offer included the entry of judgment in favor of Plaintiffs and against Defendant in this employment discrimination case, the

Court cannot conclude that the jury's finding that Mr. Christopher was subjected to a racially hostile work environment, without more, was more favorable than the August 2012 Offer. Defendant has filed a Bill of Costs detailing its post-offer costs. Doc. 135-1. Plaintiffs do not dispute the amount of the costs, and the Court finds them reasonable. The Court will therefore grant Defendant's motion for costs pursuant to Rule 68 in the amount of $5,644.20.

## II.     Motion for Attorney's Fees.

Plaintiffs have moved for an award of attorney's fees pursuant to Rule "54(d)(2)(B) and Local Rule of Practice 54.2." Doc. 137. Plaintiffs' motion states that they will "file a Memorandum of Points and Authorities and the required documentation in support thereof within sixty days of the entry of the final Judgment." *Id.* at 2. Local Rule 54.2(b)(2) requires a party seeking an award of attorneys' fees to "file and serve a motion for an award of attorneys' fees and related non-taxable expenses (along with a supporting memorandum of points and authorities) within fourteen (14) days of the entry of judgment[.]" LRCiv 54.2(b)(2). Judgment was entered in this matter on January 22, 2014. Doc. 130. Because Plaintiffs had not complied with Local Rule 54.2(b)(2), the Court ordered Plaintiffs to file the required memorandum and necessary documentation in support of their motion by March 28, 2014. Doc. 146.

Plaintiffs did not comply with the Court's order. Instead, they filed a "notice" in which they stated that "it is not necessary to comply" with the Local Rules because they have appealed the Court's grant of summary judgment on their punitive damages claim. Doc. 147 at 2 (emphasis in original). Although Plaintiffs did file a notice of appeal after filing their motion for attorney's fees, the Court retains jurisdiction to decide the motion for attorney's fees. *League of Women Voters of Cal. v. F.C.C.*, 751 F.2d 986, 990 (9th Cir. 1985) ("[A] district court in this circuit retains jurisdiction to rule upon a request for attorney fees.") (citing *Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 956-57 (9th Cir. 1983)); *see also Catz v. Chalker*, No. CIV 03-91-TUC-FRZ, 2007 WL 3171383, at *1 n.2 (D. Ariz. Oct. 26, 2007).

Plaintiffs have not filed the memorandum of points and authorities or supporting documentation required by the Local Rules and ordered by the Court. Their motion for attorneys' fees will therefore be denied.

**IT IS ORDERED** that Defendant's motion for costs (Doc. 134) is **granted**. Plaintiffs' motion for attorney's fees (Doc. 137) is **denied**. The Clerk is directed to enter judgment in favor of Defendant and against Plaintiffs in the amount of **$5,644.20**.

Dated this 2nd day of April, 2014.

_____
David G. Campbell
United States District Judge